OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-4060

Re: Whether or not, under the facts set forth, a wife's employment by the Merit System Council while at the same time the husband is employed by the Game, Fish & Oyster Commission on regular State salary is forbidden by the rider to the general appropriation bill.

We have your letter presenting a fact situation, together with an inquiry for an opinion, as follows:

> "A husband is employed by the Game, Fish & Oyster Commission on regular state salary. His wife is employed by the Merit System Council.
>
> "May the wife be employed by the Merit System Council and not conflict with the rider to the General Appropriation bill covering the restrictions with reference to husband and wife employment by the state?"

Section 2(21) of the general provisions appended to S. B. No. 423, 47th Legislature, regular session, the appropriation bill for executive and administrative departments of the State government is the rider to which you refer. It provides:

Honorable Geo. H. Sheppard - page 2

"None of the foregoing appropriations
for salaries shall be paid or warrants is-
sued therefor by the State Comptroller to
any employee until the employee shall have
filed with the head of the department in
which he or she is employed an affidavit
showing his or her marital status, and if
married, whether or not the spouse of such
employee is also employed in one of the de-
partments of this State and the name of the
department where such spouse is employed, to-
gether with the name of such spouse; * * *".

The rider provides for a method of determining
which spouse shall receive pay; the rider further pro-
vides a method of determining which affected employee is
to be retained in the State employ, but clearly forbids
the payment of both from the appropriation.

The case you explain to us does not fall within
subdivision (b) of the rider, in that neither of the par-
ties affected was in the employ of the State at any time
during the month of January, 1941.

Subdivision (10) of Section 2 of the general pro-
visions under consideration provides;

"The proper officer or officers of
any State departments, bureaus, or divis-
ions of State agencies are hereby author-
ized to make application for and accept
any gifts, grants, or allotments or funds
from the United States Government to be
used on State co-operative and other Fed-
eral projects and programs in Texas, in-
cluding construction of public buildings,
repairs and improvements. Any of such
Federal funds as may be deposited in the
State treasury are hereby appropriated
to the specific purpose authorized by the
Federal Government, and subject to the
limitation placed on this act."

The grants and contributions by the Federal Govern-
ment, which, under the scheme of governmental co-operation
with the State, make possible the beneficent work of our State

Welfare Board, nevertheless pass into the State treasury for disbursement, according to the scheme of governmental co-operation.

Section 6 of Article VIII of the Constitution declares:

"No money shall be drawn from the treasury but in pursuance of specific appropriations made by law."

The gifts, grants and allotments of funds from the United States Government to be used on State co-operative programs have been specifically appropriated by the Legislature in subdivision (10) above quoted.

Subdivision (21) of the general departmental appropriation bill does, therefore, apply to the situation presented by you.

APPROVED OCT 15, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

